**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOYCE M. RANKINE; LAWRENCE S. STANTON,<br><br>   Plaintiffs-counter-defendants - Appellees,<br><br>v.<br><br>DOES, 1-10, inclusive,<br><br>   Defendant,<br><br> And<br><br>ROLLER BEARING COMPANY OF AMERICA, INC.,<br><br>   Defendant-counter-claimant - Appellant. | No. 13-56917<br><br>D.C. No. 3:12-cv-02065-MMA-BLM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted December 11, 2015
Pasadena, California

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOULD and BERZON, Circuit Judges and ZOUHARY,** District Judge.

As part of its purchase of All Power, Inc. through a Stock Purchase Agreement, Appellant Roller Bearing Company of America, Inc. ("RBC") executed promissory notes in favor of Baxter Rankine and Lawrence Stanton. When the notes came due, RBC refused to pay, claiming that it was entitled to set-off rights under a provision in the notes. Rankine and Stanton sued to recover the amount owed. RBC counterclaimed, alleging that Rankine and Stanton had breached the Stock Purchase Agreement by (1) failing to convey intellectual property assets that had allegedly been misappropriated by some of All Power's "Key Employees," and (2) failing to disclose that some of All Power's federal Parts Manufacturer Approvals ("PMAs") were based on "technical assist letters" that were provided by the Boeing Company and potentially subject to licensing fees. The district court granted summary judgment to Rankine and Stanton on all claims and awarded attorney's fees and costs. We affirm.

1. The district court correctly held that RBC had waived any claim to set-off rights under the notes. While RBC did, contrary to the district court's assertion, introduce extrinsic evidence in support of its argument that it had waived only

---

** The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

certain, limited claims, under California law such evidence is only relevant and admissible to the extent that, in light of the proffered evidence, the contract language is "reasonably susceptible" to the interpretation urged. *See Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008). Here, under an amendment to the promissory notes, RBC agreed to waive set-off claims "of any kind or nature." RBC's proffered evidence went to its General Counsel's subjective intent at the time of the amendment. RBC did not offer any extrinsic evidence providing a basis for interpreting the actual language agreed upon as reasonably susceptible to the limited construction RBC would give it. We therefore conclude that the clear language of the amended notes must be applied as written.

2. The district court correctly granted summary judgment to Rankine and Stanton on RBC's counterclaim premised on a theory of "Key Employee" misconduct. As the district court explained, RBC presented no evidence in support of this claim. Its only basis was the deposition testimony of an RBC employee who opined that former All Power employees would not have been able to start a competing business, years after the sale, without proprietary information. This unsupported speculation cannot raise an issue of triable fact sufficient to survive summary judgment. *See* Fed. R. Civ. P. 56(a).

3

3.  The district court declined to consider RBC's PMA-based counterclaim on the ground that it had been raised for the first time at summary judgment. We need not decide whether the district court was correct to do so, because RBC failed to raise a triable issue of material fact on this issue. RBC argues that Rankine and Stanton breached the Stock Purchase Agreement by falsely representing that All Power owned all necessary intellectual property assets, whereas in fact many of All Power's PMAs were secured through the use of "technical assist letters" owned by Boeing. But the Stock Purchase Agreement's definition of intellectual property assets does not cover the Boeing technical assist letters about which RBC claims to have been unaware. So, even if Rankine and Stanton had failed to disclose this fact, it would not have constituted a breach of the agreement.

4.  The district court did not abuse its discretion in awarding attorney's fees and contractual costs pursuant to the promissory notes and the Stock Purchase Agreement. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1011 (9th Cir. 2004). The district court's decision was based on a reasonable construction of the relevant provisions.

**AFFIRMED.**

4